**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Dawn Joi | ) | |
| | ) | Case No. 23-01210 |
| | ) | |
| | ) | |

**NOTICE OF MOTION**

To: See attached Service List:

PLEASE TAKE NOTICE that on March 27, 2023, at 9:30 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in her place, and present the Motion for Order Authorizing Rule 2004 Examination of Debtor and Certain Insiders, a copy of which is attached.

The motion will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

To appear by video, use this link: https://www.zoomgov.com/. Then enter the below meeting ID and password.

Meeting ID and password. The meeting ID for this hearing is: 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's website.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ Joel Rabb

**CERTIFICATE OF SERVICE**

I, Joel Rabb, the undersigned attorney, hereby certifies that on March 15, 2023, I caused a copy of the Notice of Motion and Accompanying Motion to be served on all parties receiving notice through the Court's CM/ECF system.

/s/ Joel Rabb

## SERVICE LIST:

**David Freydin**
Law Offices of David Freydin Ltd
8707 Skokie Blvd
Suite 312
Skokie, IL 60077
630-516-9990
866-897-7577 (fax)
david.freydin@freydinlaw.com

**Aja M Carr Favors**
Chapter 7 Trustee
P.O. Box 395
Oak Lawn, IL 60453
312-618-4137
trustee@favorslawfirm.com

**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785
USTPRegion11.ES.ECF@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Dawn Joi | ) | |
| | ) | Case No. 23-01210 |
| | ) | |
| | ) | |

**MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF DEBTOR**

NOW COMES creditor, Peter Matuszak (hereinafter "Matuszak"), by and through his

attorney, Law Office of Joel Rabb & Associates, and for this Motion for Order authorizing Rule

2004 Examination of Debtor, Dan Joi (hereinafter "Debtor") states as follows:

**I. JURISDICTION AND BACKGROUND**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and

Internal Operating Procedure 15(a) of the United States District Court for the Northern District of

Illinois.

Venue of the above-captioned case (the "Case") and of this Motion is proper in this Judicial

District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C.

§§ 157(b)(1) and (b)(2)(A) and (O).

Matuszak the owner of the property commonly known 5 N. Wabash Ave, Unit 1706,

Chicago, Illinois (hereinafter "Property"). The Debtor was a tenant of Property, using the Property

for her business as she owned and resided in the adjacent unit, Unit 1705. On or about November

11, 2019, Matuszak and Debtor entered into a month-to-month lease for the Property beginning

November 1, 2019. The monthly rent was $2,100.00. Due to Debtor's failure to pay the agreed

upon rent, on January 12, 2021, Matuszak filed his complaint for possession of the Property and a

1

judgment for rent. On November 2, 2022, a judgment was entered against Debtor in the amount of $33,840.00, plus costs. On December 1, 2022, the Debtor filed a Notice of Appeal with the clerk of court. As a result of Debtor's failure to stay the enforcement of the judgment, Matuszak issued a citation to Debtor which was personally served on December 22, 2022. On January 13, 2023, the Debtor was ordered to produce requested documents, on or before February 3, 2023 and return for examination on February 22, 2023. Debtor filed this bankruptcy proceeding on January 30, 2023.

The Debtor's repeated misrepresentations throughout the process have been epic, although this latest maneuver – filing for bankruptcy – is a strategic blunder because title 11 has no tolerance for the Debtor's machinations and is a welcome forum for creditors such as Matuszak. This is because the Debtor is unlikely to receive a discharge and because title 11 offers an efficient and effective mechanisms for identifying and liquidating the assets the Debtor has concealed over the last few years. Among other provisions, Bankruptcy Rule 2004 and §§ 547 and 548 are designed to identify and remedy the fraud and gamesmanship that epitomize the Debtor.

For example, the Debtor, through her many corporations, has purchased, sold, or transferred assets but she has failed to disclose each of her corporations and the details of the purchases, sales, or transfers. In addition, Debtor is withholding specific information about her income including, but not limited to, her rental income and full income from operation of both, her salon and fitness, studios through cashless methods such as Venmo, Zelle, and PayPal.

Matuszak believes the two instances of fraud discussed above are but the "tip of the iceberg." Further discovery of the Debtor is likely to identify other property that can be liquidated to pay claims, as well as instances of fraud and other conduct sufficient to bar a bankruptcy discharge.

After weighing the evidence at trial, on November 2, 2022, the Circuit Court of Cook

County entered a judgment against the Debtor. Matuszak has pursued collection of the judgment from Debtor.

Collecting the judgment from the Debtor has been a challenge not only because of her disregard at legal processes, but because she uses corporations and cashless payments to hide assets and to fund her lifestyle. Discovery is thus needed to ascertain if the business and corporations are actually the Debtor's alter-ego and if the assets can be made available for creditors of the bankruptcy estate.

## II.  RELIEF REQUESTED

Under Bankruptcy Rule 2004, a party may examine a debtor and other parties concerning the acts, conduct, property, liabilities and financial condition of the debtor or any matter which may affect the administration of the Estate.

Upon entry of an order authorizing an examination under Rule 2004, the production of documents and attendance of witnesses for examination may be compelled by subpoena as provided in Bankruptcy Rule 9016. Fed. R. Bankr. P. 2004(c).

It is generally recognized that "[t]he scope of inquiry under Bankruptcy Rule 2004 is very broad. Great latitude of inquiry is ordinarily permitted." In re Handy Andy Home Improvement Centers, Inc., 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996).

Under the plain language of Bankruptcy Rule 2004, Peter Matuszak may conduct a Rule 2004 examination of the Debtor, and her businesses, and all corporations, including requesting the production of documents and taking an oral examination, in order to obtain the information and documents needed to ascertain the Debtor's assets and liabilities and his entitlement to a discharge.

Wherefore, Peter Matuszak, requests entry of an order in the form of that appended hereto, authorizing an examination under Bankruptcy Rule 2004 of the Debtor, Dawn Joi, Dawn Joi & Co.,

3

Inc., The Dawn Joi Foundation, Joi TEES, and Enjoitainment, and such other relief as is proper.

Respectfully Submitted,

/s/ Joel Rabb

Law Office of Joel Rabb & Associates
65 West Jackson Blvd., #209
Chicago, Illinois 60604
Ph. 312-858-4350
Fax. 312-261-9969
Joel@joelrabblaw.com
ARDC No. 6305201